UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FIRST PENN-PACIFIC LIFE INSURANCE COMPANY,<br>           Plaintiff,<br>v.<br><br>RONALD BURNS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LYNN JOSEPHSON, and JON JOSEPHSON, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ALAN JOSEPHSON,<br><br>           Defendants. | Case No. _____<br><br>**COMPLAINT**<br>**FOR INTERPLEADER RELIEF** |

Plaintiff First Penn-Pacific Life Insurance Company, by and through its undersigned counsel, hereby files its Complaint for Interpleader Relief and avers and states as follows:

### PARTIES

1.  Plaintiff First Penn-Pacific Life Insurance Company is an insurance company organized and existing under the laws of the State of Indiana, with its principal place of business in Radnor, Pennsylvania.

2.  Defendant Jon Josephson is the personal representative of the Estate of Alan Josephson, and is a resident of Minneapolis, Minnesota. Prior to his death, Alan Josephson was a resident of Apple Valley, Minnesota.

3. Defendant Ronald Burns is the personal representative of the Estate of Lynn Josephson, and is a resident of St. Paul, Minnesota. Prior to her death, Lynn Josephson was a resident of Apple Valley, Minnesota.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1332 in that the value of the Policy proceeds at issue exceeds seventy-five thousand dollars ($75,000.00) and diversity of citizenship exists between Plaintiff and all of the Defendants.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1397 as one or more Defendants reside in this district.

## FACTS SUPPORTING INTERPLEADER

6. Plaintiff issued term life insurance policy number T101719617 to Lynn Burns (as Owner), which policy provided life insurance proceeds in the Face Amount of $100,000 payable upon the death of Lynn Burns (the Insured). The name of the Owner and Insured on the policy was subsequently changed to Lynn Josephson, reflecting her marriage to Alan Josephson.

7. The Lynn Josephson Policy designated Alan Josephson as Beneficiary. The Lynn Josephson Policy further provided that "if no Beneficiary survives the Insured, the Proceeds will be paid in one sum to the Owner, if living; otherwise to the Owner's estate."

8. Plaintiff issued policy number T102215696 to Alan Josephson (as Owner), which policy provided life insurance in the Face Amount of $100,000 payable upon the death of Alan Josephson (the Insured).

9. The Alan Josephson Policy designated Lynn Burns as Beneficiary. The Alan Josephson Policy further provided that "if no Beneficiary survives the Insured, the Proceeds will be paid in one sum to the Owner, if living; otherwise to the Owner's estate."

10. Lynn Josephson died on November 3, 2016. The State of Minnesota Certificate of Death for Lynn Josephson lists the manner of her death as "homicide."

11. Alan Josephson died on November 3, 2016. The State of Minnesota Certificate of Death for Alan Josephson lists the manner of his death as "suicide."

12. A November 5, 2016 newspaper article in the Minneapolis Star Tribune called the deaths of Mr. and Ms. Josephson a "murder-suicide," and, citing investigators and autopsies performed by Hennepin County medical examiner as the sources, reported that Mr. Josephson fatally shot Ms. Josephson before turning the gun on himself.

13. Minnesota Statute § 534.2-803 provides, in part:

(d) A named beneficiary of a life insurance policy who feloniously and intentionally kills the person upon whose life the policy is issued is not entitled to any benefit under the policy and the proceeds of the policy shall be paid and distributed by order of the court as hereinafter provided. …

* * * *

(e) Any other acquisition of property or interest by the killer shall be treated in accordance with the principles of this section.

14. On or about February 7, 2017, Jon Josephson, as personal representative of the Estate of Alan Josephson, submitted a Claimant's Statement requesting payment of

3

the proceeds of the Alan Josephson Policy. A copy of that Claimant's Statement, and the Distinctive Payee Arrangements form, Letters of General Administration, and letter from Jon Josephson submitted therewith, is attached as **Exhibit A.**

15. On or about March 2, 2017, Ronald Burns, as personal representative of the Estate of Lynn Josephson submitted a Claimant's Statement requesting payment of the proceeds of the Alan Josephson Policy. A copy of that Claimant's Statement, and the Letters of General Administration submitted therewith, is attached as **Exhibit B.**

16. On or about March 2, 2017, Ronald Burns, as personal representative of the Estate of Lynn Josephson submitted a Claimant's Statement requesting payment of the proceeds of the Lynn Josephson Policy. A copy of that Claimant's Statement, and the Letters of General Administration submitted therewith, is attached as **Exhibit C.**

17. On or about March 21, 2017, Jon Josephson, as personal representative of the Estate of Alan Josephson, submitted a Claimant's Statement requesting payment of the proceeds of the Lynn Josephson Policy. A copy of that Claimant's Statement, and the Distinctive Payee Arrangements form and Letters of General Administration submitted therewith, and is attached as **Exhibit D.**

18. As a result of the death of Lynn Josephson, the amount of life insurance on the Lynn Josephson Policy is payable to the appropriate beneficiary of that policy, and liability is conceded to that effect.

19. As a result of the death of Alan Josephson, the amount of life insurance on the Alan Josephson Policy is payable to the appropriate beneficiary of that policy, and liability is conceded to that effect.

20. However, by reason of the foregoing, Defendants have made adverse and conflicting claims for payment of the proceeds of the Lynn Josephson Policy and the Alan Josephson Policy that may expose Plaintiff to multiple liability if it disburses the policies' proceeds to either Defendant claiming those proceeds.

21. Plaintiff makes no claim to the proceeds of either the Lynn Josephson Policy or the Alan Josephson policy other than its reasonable attorney's fees, costs and disbursements in connection with this action. Plaintiff is now, and at all times has been, ready and willing to pay the policies' proceeds to the party or parties legally entitled thereto.

22. By motion or by stipulation of the parties Plaintiff will request permission of this Court to deposit the proceeds of both policies into the Registry of the Court for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Plaintiff requests and demands judgment as follows:

A. Permitting Plaintiff to pay the proceeds of the Lynn Josephson Policy and the Alan Josephson Policy into the Court Registry;

B. Restraining and enjoining Defendants from initiating any other action against Plaintiff for or in connection with recovery of the policies' proceeds or any part thereof, which injunction shall be issued without bond or surety;

C. Requiring Defendants to interplead and settle among themselves, or to present to this Court for its determination, their respective rights, if any, to the proceeds of the Lynn Josephson Policy and the Alan Josephson Policy;

D. Dismissing Plaintiff with prejudice from this action, and discharging Plaintiff from any and all liability beyond those monies deposited into the Registry of this Court, which represents the proceeds of the policies' at issue;

E. Awarding Plaintiff its cost and attorneys' fees; and

F. Awarding Plaintiff such other and further relief as this Court deems just, equitable, and proper.

Dated: March 31, 2017              **BARNES & THORNBURG LLP**

                                            By:  *s/ Christopher L. Lynch*
                                                  Christopher L. Lynch (MN #0284154)
                                                  clynch@btlaw.com
                                                  225 South Sixth Street, #2800
                                                  Minneapolis, Minnesota 55402
                                                  Telephone: (612) 333-2111
                                                  Facsimile: (612) 333-6798

                                                  ***Attorneys for Plaintiff First-Penn Pacific Life Insurance Co.***

DMS 4735562v1